# EXHIBIT "A"



**Department of Financial Services**

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Superintendent

STATE OF NEW YORK
Supreme Court, County Of Onondage

000551/2024

E.H.S.O.C. Inc.                                                                 Plaintiff(s)

against

Defendant(s)
Hartford Underwriters Insurance Company

RE :Hartford Underwriters Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint Notice of Electronic Filing in the above entitled action on January 19, 2024 at Albany, New York. The $40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

Lynn Law Firm, LLP
333 West Washington Street, Suite 100
Syracuse, New York 13202

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

Mara Velasco
Hartford Underwriters Insurance Company
C.T. Corporation System 28 Liberty Street
New York, New York 10005

**Rawle Lewis**
Director of Producer Licensing

Dated Albany, New York, January 19, 2024
730672            alic0phd

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF
-----------------------------------------------------------------x
E.H.S.O.C, INC.,

                               Plaintiff/Petitioner,

        - against -                                   Index No. 000551/2024

HARTFORD UNDERWRITERS' INSURANCE
COMPANY

                              Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

  **To register for e-filing or for more information about how e-filing works:**

  - visit: http://www.nycourts.gov/efile-unrepresented or
  - contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 01/17/2024

Martin A. Lynn
Name
Lynn Law Firm, LLP

Firm Name

333 West Washington Street, Suite 100
Address

Syracuse, NY 13202

(315)474-1267
Phone

mlynn@lynnlaw.com
E-Mail

To: Hartford Underwriters' Insurance Company

P.O. Box 14271

Lexington, KY 40512

6/6/18

SUPREME COURT
STATE OF NEW YORK     COUNTY OF ONONDAGA

E.H.S.O.C, INC.,

                            Plaintiff,

-against-

HARTFORD UNDERWRITERS' INSURANCE COMPANY

                            Defendant.

**SUMMONS**

Index No.: 000551/2024

Plaintiff designates Onondaga County as the place of trial.

The basis of the venue is the loss location, 2901 Court Steet, Syracuse, New York.

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken by default for the relief demanded in the complaint.

Dated:    January 16, 2024
            Syracuse, New York

Martin A. Lynn
LYNN LAW FIRM, LLP
Attorneys for Plaintiff
333 W. Washington Street, Suite 100
Syracuse, New York 13202
Telephone: (315) 474-1267
Email: mlynn@lynnlaw.com

**Defendant Addresses:**

Hartford Underwriters' Insurance Company
P.O. Box 14271
Lexington, KY 40512

SUPREME COURT
STATE OF NEW YORK    COUNTY OF ONONDAGA

E.H.S.O.C, INC.,

                              Plaintiff,

  -against-

HARTFORD UNDERWRITERS' INSURANCE COMPANY

                              Defendant.

**COMPLAINT**

Index No.: 000551/2024

Plaintiff, E.H.S.O.C., INC. ("Plaintiff"), by and through their attorneys, the Lynn Law Firm, LLP, complaining of the defendant, Hartford Underwriters' Insurance Company ("The Hartford" or "Defendant") alleges and shows to the Court as follows:

**PARTIES**

1. At all relevant times herein, Plaintiff is an eye care center located in Onondaga County.

2. At all relevant times herein, Plaintiff owned and/or operated at property in Onondaga County, New York State.

3. Plaintiff owned and/or operated a business premises located at or about 2901 Court Steet, Syracuse, New York ("the Insured Premises").

4. At all relevant times, and in January 2022, the Insured Premises was insured with Hartford Underwriters' Insurance Company.

5. At all relevant times herein, upon information and belief, Hartford Underwriters' Insurance Company was and is a Kentucky Corporation and is authorized to issue insurance policies for property and casualty in New York State.

6. At all relevant times herein, The Hartford provided insurance coverage for the Insured Premises pursuant to Policy Number 01 SBA AK6UW5.

7. At all relevant times herein, The Hartford was and is duly authorized to conduct insurance business in the State of New York.

### THE LOSS

8. On or about January 23, 2022, there was a sudden and unexpected Loss at the Insured Premises (the "Loss").

9. This Loss caused immediate and significant damage to the Insured Premises, business property, loss of income and other related items, damages or claims.

10. The Hartford confirmed coverage for the Loss.

### INSURANCE

11. At all relevant times herein, The Hartford, issued to its insured, plaintiff, an insurance policy that provided coverage for the Loss at the Insured Premises ("the Policy").

12. The Policy was in full force and effect in January of 2022.

13. At all relevant times, plaintiff paid all premiums due and owing in connection with the Policy and was otherwise in compliance with all obligations in connection with coverage.

14. The Hartford has continued to insure the Insured Premises following the Loss.

15. The Hartford has made certain payments on the claim, but a significant amount of the claim remains unpaid.

LYNN LAW FIRM, LLP   ATTORNEYS AT LAW   SYRACUSE, NEW YORK

SUPREME COURT
STATE OF NEW YORK    COUNTY OF ONONDAGA

---

E.H.S.O.C, INC.,

                              Plaintiff,

-against-

HARTFORD UNDERWRITERS' INSURANCE COMPANY

                              Defendant.

**COMPLAINT**

Index No.: 000551/2024

---

Plaintiff, E.H.S.O.C., INC. ("Plaintiff"), by and through their attorneys, the Lynn Law Firm, LLP, complaining of the defendant, Hartford Underwriters' Insurance Company ("The Hartford" or "Defendant") alleges and shows to the Court as follows:

**PARTIES**

1. At all relevant times herein, Plaintiff is an eye care center located in Onondaga County.

2. At all relevant times herein, Plaintiff owned and/or operated at property in Onondaga County, New York State.

3. Plaintiff owned and/or operated a business premises located at or about 2901 Court Steet, Syracuse, New York ("the Insured Premises").

4. At all relevant times, and in January 2022, the Insured Premises was insured with Hartford Underwriters' Insurance Company.

5. At all relevant times herein, upon information and belief, Hartford Underwriters' Insurance Company was and is a Kentucky Corporation and is authorized to issue insurance policies for property and casualty in New York State.

6. At all relevant times herein, The Hartford provided insurance coverage for the Insured Premises pursuant to Policy Number 01 SBA AK6UW5.

7. At all relevant times herein, The Hartford was and is duly authorized to conduct insurance business in the State of New York.

## THE LOSS

8. On or about January 23, 2022, there was a sudden and unexpected Loss at the Insured Premises (the "Loss").

9. This Loss caused immediate and significant damage to the Insured Premises, business property, loss of income and other related items, damages or claims.

10. The Hartford confirmed coverage for the Loss.

## INSURANCE

11. At all relevant times herein, The Hartford, issued to its insured, plaintiff, an insurance policy that provided coverage for the Loss at the Insured Premises ("the Policy").

12. The Policy was in full force and effect in January of 2022.

13. At all relevant times, plaintiff paid all premiums due and owing in connection with the Policy and was otherwise in compliance with all obligations in connection with coverage.

14. The Hartford has continued to insure the Insured Premises following the Loss.

15. The Hartford has made certain payments on the claim, but a significant amount of the claim remains unpaid.

### AS AND FOR A FIRST CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST HARTFORD UNDERWRITERS' INSURANCE COMPANY:

16. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "15" above as though fully restated here.

17. Plaintiff has fully complied with all terms, conditions, duties and obligations under the Policy.

18. The Loss of January 23, 2022 was a Covered Loss.

19. The Hartford has failed to make certain payments under the Policy breaching its contractual obligations with plaintiff.

20. The Hartford was and is obligated under the Policy to provide insurance coverage to plaintiff for the Loss, and all resulting and consequential damages arising out of said Loss.

21. Defendant The Hartford's failure and refusal to provide plaintiff with coverage and to provide plaintiff with full and complete payment for any and all damages (less any applicable deductible), was and is in breach of its contractual obligations under the Policy.

22. As a result thereof, plaintiff has sustained direct and consequential damages in an amount exceeding the jurisdictional limits of all lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT AGAINST HARTFORD UNDERWRITERS' INSURANCE COMPANY:

23. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "22" above as though fully restated here.

24. Plaintiff performed all of their obligations under the Policy.

25. The Hartford was and is obligated under the Policy to provide insurance coverage to plaintiff for the Loss, and all resulting and consequential damages arising out of said Loss.

### AS AND FOR A FIRST CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST HARTFORD UNDERWRITERS' INSURANCE COMPANY:

16. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "15" above as though fully restated here.

17. Plaintiff has fully complied with all terms, conditions, duties and obligations under the Policy.

18. The Loss of January 23, 2022 was a Covered Loss.

19. The Hartford has failed to make certain payments under the Policy breaching its contractual obligations with plaintiff.

20. The Hartford was and is obligated under the Policy to provide insurance coverage to plaintiff for the Loss, and all resulting and consequential damages arising out of said Loss.

21. Defendant The Hartford's failure and refusal to provide plaintiff with coverage and to provide plaintiff with full and complete payment for any and all damages (less any applicable deductible), was and is in breach of its contractual obligations under the Policy.

22. As a result thereof, plaintiff has sustained direct and consequential damages in an amount exceeding the jurisdictional limits of all lower Courts.

### AS AND FOR A SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT AGAINST HARTFORD UNDERWRITERS' INSURANCE COMPANY:

23. Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "22" above as though fully restated here.

24. Plaintiff performed all of their obligations under the Policy.

25. The Hartford was and is obligated under the Policy to provide insurance coverage to plaintiff for the Loss, and all resulting and consequential damages arising out of said Loss.

26. Coverage should be properly enforced, and the plaintiff's losses and damages paid by The Hartford.

27. The Hartford's failure and refusal to provide plaintiff with coverage and full payment for any and all damages (less any applicable deductible), was and is in breach of its contractual obligations under the Policy.

28. As a result thereof, plaintiff has sustained damages in an amount exceeding the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiff demands judgment be entered against the defendant for the following relief:

   a. Compensatory damages arising out of the Loss in an amount to be proven at trial;

   b. A judgment enforcing the Policy and declaring that Hartford Underwriters' Insurance Company is obligated to provide coverage for all damages arising from the Loss, including costs and interest;

   c. Applicable interest from the date of loss, date of disclaimer or such other date as the Court deems just and proper; and

   d. For such other and further relief as this Court deems just and proper.

Dated: January 16, 2024
       Syracuse, New York

Martin A. Lynn, Esq.
LYNN LAW FIRM LLP
Attorneys for Plaintiff
333 W. Washington Street, Suite 100
Syracuse, NY 13202
Telephone: (315) 474-1267
Email: mlynn@lynnlaw.com

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF ONONDAGA )

Dr. Joseph Ditota being duly sworn, says that he is the plaintiff in the above-named proceeding and that the foregoing Summons and Verified Complaint is true to the best of his knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, he believes them to be true.

_____
Dr. Joseph Ditota, OD

Sworn to before me this

16 day of January, 2024.

_____
Notary Public

LISA A. CANGEMI
Notary Public, State of New York
No. 01CA6224582
Qualified in Onondaga County
My Commission Expires July 26, 2026